*Vincent J. Piccirilli,* for defendant.

412 A.2d 924.

TOWN OF BARRINGTON *vs.* NICHOLAS L. DiSALVO.

MARCH 19, 1980.

PRESENT: Kelleher, Weisberger and Murray, JJ.

KELLEHER, J.   This controversy presents an issue of public concern that centers on an alleged abuse of the judicial enforcement of the criminal law. We have, therefore, issued our common-law writ of certiorari as requested by Barrington's town solicitor. The solicitor asked that we review the action taken by a justice of the District Court on September 19, 1977, in which a nolo plea entered a year earlier by another justice was vacated and the plea was changed to not guilty. Hereafter we shall refer to the petitioner as "the town" and the respondent by his last name.

The record certified to us by the District Court's First Division indicates that on January 30, 1976, DiSalvo appeared before the District Court and pleaded nolo to a criminal complaint that charged him with driving a motor vehicle while under the influence of liquor. The District Court complaint, on its face, contains a box checked by the justice in charge of the arraignment to indicate that DiSalvo was notified of his "rights" prior to the acceptance of his nolo plea. Since DiSalvo had a previous record, the District Court justice ordered him to enroll in a ten-hour course given by the Continuing Education Section of Rhode Island Junior College. The course is entitled "Driving While Intoxicated Counterattack." A certificate of DiSalvo's successful completion of the course was filed in the District Court on June 18, 1976. Later, on June 25, 1976, DiSalvo appeared before the court and was fined $200, and his driver's license was ordered suspended for one year. Subsequently, on June 20, 1977, DiSalvo's counsel filed a motion to vacate the nolo plea, alleging that DiSalvo "did not understand or appreciate the consequences of his plea." A notation on the motion indi-

cated that it would be heard four days later on June 24. According to the town, the motion was not heard on that day because DiSalvo's attorney failed to appear.

While the District Court docket sheet contains no mention whatsoever of the filing of the motion to vacate, it does contain two pertinent notations: one notation, apparently made on July 19, 1977, indicates that the motion was continued for hearing to September 9, 1977; the other notation carrying the date September 9, 1977, reads: "Dfs. motion to vacate sentence and enter not guilty granted. -- Continued to September 23, 1977 for trial."

While the town contends that it had no notice relative to the September 9 hearing, it rests this petition strictly on the proposition that the District Court lacked jurisdiction to vacate the nolo plea. There is merit to this contention.

When the motion to vacate was filed on June 20, 1977, the time for direct review of the acceptance of the nolo plea had long expired because District Court Criminal Rule 32(d) in its pertinent part reads: "A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed * * *." While Dist. R. Crim. P. 35 allows the District Court, where there has been no appeal to the Superior Court, to correct an illegal sentence at any time, such a motion lies solely to correct a sentence which is not authorized by law. *See State* v. *Williams*, 122 R.I. 32, 404 A.2d 814 (1979). DiSalvo gains no benefit from the rule because the one-year suspension is authorized by G.L. 1956 (1968 Reenactment) §31-11-6(3); §31-27-2(7)(c) (1979 Supp.) warrants his educational sojourn; and the $200 fine comes well within the $500 maximum established in §31-27-13(b).

The foregoing deficiencies in DiSalvo's 1977 attempt to set aside his 1976 plea do not preclude a judicial review of what transpired in the District Court when his nolo plea was accepted. The appropriate forum for hearing this matter is the Superior Court through DiSalvo's employment of the relevant portions of the Postconviction Relief Act, G.L. 1956 (1969 Reenactment) chapter 9.1 of title 10 (1979 Supp.). The

General Assembly, in enacting this legislation, has established an orderly procedure for dealing with postconviction applications whereby a claim can be heard and, if necessary, evidence adduced so that the trial justice hearing the application will have the benefit of a complete record.

Section 10-9.1-1(a) and (b) makes it clear that once the avenues for direct review have been exhausted, postconviction relief is available to (a) "[a]ny person who has been convicted of ＊ ＊ ＊ a crime ＊ ＊ ＊ and who claims: (1) that the conviction or the sentence was in violation of the constitution of the United States or the constitution or laws of this state ＊ ＊ ＊" and then goes to say: (b) "＊ ＊ ＊ Except as otherwise provided in this chapter, it [the act] comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence." Section 10-9.1-2 with pristine clarity stipulates that postconviction proceedings seeking relief from a judgment entered in the District Court shall be initiated in the Superior Court for Providence County. Recently, in *Johnson* v. *Mullen*, 120 R.I. 701, 390 A.2d 909 (1978), we emphasized that, absent compelling circumstances, this court will not sanction any departures from the procedures delineated in the Postconviction Relief Act. Thus, DiSalvo is free to go to the Superior Court where a record can be made regarding what actually occurred in the District Court[1] on January 30, 1976.

---

[1]Proceedings in the District Court are neither stenographically nor electronically recorded. While DiSalvo concedes that before he pleaded nolo he had been advised by the January 1976 justice that by pleading he was waiving a variety of constitutional rights, he claims that he was not "fully aware" that a consequence of his plea would be the suspension of his operator's license. This claim may be considered by a Superior Court justice in light of DiSalvo's last appearance before this court which occurred subsequent to his having been arrested by the Barrington police in 1968 for driving while under the influence of liquor. DiSalvo refused to take the breathalyzer test, and, consequently, the Registry of Motor Vehicles suspended his license. The Superior Court vacated this suspension. The Registrar of Motor Vehicles appealed this action via the statutory petition for certiorari referred to in Rhode Island's version of the Administrative Procedures Act. We quashed the Superior Court order in *DiSalvo* v. *Williamson*, 106 R.I. 303, 259 A.2d 671 (1969).

The petition for certiorari is granted, the District Court's order vacating the January 30, 1976 nolo plea is quashed, and the papers in the case are remanded to the District Court with our decision endorsed thereon.

Mr. Chief Justice Bevilacqua and Mr. Justice Doris did not participate.

*Stephen J. Carlotti,* Town Solicitor, *Hinckley, Allen, Salisbury & Parsons, Gordon P. Cleary,* for petitioner.

*John F. Cicilline,* for respondent.